Michael A. Cardozo, Esq
Corporation Counsel for Defendants
100 Church Street, Room 4212
New York, New York 10007
(212) 788-1651
Steven R. Payne, Esq. (SP8013)
spayne@law.nyc.gov

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 0 6 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

OLGA NEGRON, as Administratrix of the Estate of
IMAN MORALES, Deceased and OLGA NEGRON,
Individually

                              Plaintiff,

           -against-

THE CITY OF NEW YORK  P.O. NICHOLAS
MARCHESONA (Tax Re., 921535)  and
Administrator of the Estate of LT. MICHAEL W.
PIGOTT (Shield # unknown) deceased.

                              Defendants.
--------------------------------------------------------------x

**NOTICE OF REMOVAL**

1446(a), ( )  **944**

Docket No.

ECF Case

**TOWNES, J.**

**GOLD, M.J.**

**TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK:**

     1. THE CITY OF NEW YORK  is a defendant in the civil action brought on February 24,

2009, in the Supreme Court of the State of New York, County of Kings.   Pursuant to provisions

of *Section 1441* and *1446 of Title 28 of the United States Code*, THE CITY OF NEW YORK

removes this action to the United States District Court for the Eastern District of New York,

which is the judicial district in which the action is pending.

     2. The grounds for removal of this action are:

     A)   This is an action of a civil nature in which the District Courts of the United States

     have been given original jurisdiction in that it arises under the laws of the United States

     within the meaning of *28 U.S.C. § 1331*. Removal is proper under *28 U.S.C. § 1441*

     because this is a civil action brought in state court over which the federal district courts

would have had original jurisdiction had the action been commenced in federal court and this action does note fall within any class of action that is prevented from, or limited in access to the right of removal.

B)   In particular, plaintiffs allege that the defendants deprived the plaintiff's decedent of civil rights guaranteed pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. The plaintiffs' principal claim for relief concerns  the death of IMAN NEGRON allegedly as a result of being "tasered", on September 24, 2008. in the vicinity of 489 Tompkins Place, Brooklyn, New York and plaintiffs' assert the right to recover for this on the basis of violation of  42 U.S.C. § 1983.

3 . This Notice of Removal is timely under *Section 1446(b) of Title 28 of the United States Code* because the Complaint in this action was served on February 25, 2009. This Notice of Removal is filed within 30 days of receipt of the Complaint and is timely filed under *28 U.S.C. § 1446(b)*.

4. A review of the file maintained by the Clerk of the Supreme Court of the State of New York, Kings County  reveals  the co-defendants in this action have not been served with process at time this removal petition is filed.  A copy of the Kings County Clerk's docket sheet is annexed hereto as Exhibit "A".

5. Pursuant to the provisions of *28 U.S.C. § 1446(a)*, defendant attaches to this notice and incorporates by reference copies of the following papers, which are all of the process, pleadings, and orders served on it prior to its removal of this action:

A).  Summons and Complaint in the case of OLGA NEGRON et. als. v. THE CITY OF NEW YORK , et als.  Index No. 4636/09 Supreme  Court of the State of New

York, County of Kings served on February 25, 2009, which is annexed hereto as Exhibit "B'

Dated: March 4, 2009

MICHAEL A. CARDOZO
Corporation Counsel
100 Church Street
New York, New York 10007

By:
Steven R. Payne, Esq. (SP8013)

TO:  Burns & Harris, Esqs.
    Attorneys for Plaintiffs
    233 Broadway, Ste. 90
    New York, New York 10279

    Nicholas Marchesona
    Pro Se
    ESS #5, 2320 Hylan Blvd.
    Staten Island, New York 10306

    Estate of Michael W. Pigott
    Pro Se
    2 Regina Drive
    Sayville, New York 11872

    Clerk of the Supreme  Court
    Kings County
    360 Adams Street
    Brooklyn, New York 11201

## CERTIFICATE OF SERVICE

**STEVEN R. PAYNE** an attorney admitted to practice before the courts of the State of New York, affirms, pursuant to and subject to the penalties of perjury, that on the 4rd day of March 2009, I served the annexed NOTICE OF REMOVAL   By mail upon all counsel of record, enclosed in postpaid wrappers in a post office box regularly maintained by the United States Postal Service addressed to said counsel at the addresses set forth below, being the addresses within the state theretofore designated by them for that purpose:

> Burns & Harris, Esqs.
> Attorneys for Plaintiffs
> 233 Broadway, Ste. 90
> New York, New York 10279

> Nicholas Marchesona
> Pro Se
> ESS #5, 2320 Hylan Blvd.
> Staten Island, New York  10306

> Estate of Michael W. Pigott
> Pro Se
> 2 Regina Drive
> Sayville, New York 11872

> Clerk of the Supreme  Court
> Kings County
> 360 Adams Street
> Brooklyn, New York 11201

Dated:  March4, 2009

STEVEN R. PAYNE

## 4636 / 2009

Opened: **2/25/2009** Type: **Other**
**NEGRON, OLGA ADMIN. ETC.** vs. **CITY OF NEW YORK ETAL**
Atty: **BURNS**    Atty:

| **Filed** | **Actions** | **RecRoom** |
|---|---|---|
| 2/25/2009 | Summ. & compl. | |
| | **Total: 1** | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index # 46 30/09
-------------------------------------------x Date Filed: 2-24-5-09

OLGA NEGRON, as Administratrix of the Estate of
IMAN MORALES, Deceased and OLGA NEGRON,
Individually,

Plaintiffs,

against

Plaintiff designates
**KINGS** COUNTY
as Place of Trial

The basis of venue is
Place of Incident

THE CITY OF NEW YORK, P.O. NICHOLAS
MARCHESONA (Tax. Reg. 921535) and
Administrator of the Estate of LT. MICHAEL W.
PIGOTT (Shield # unknown) deceased

Defendants

*SUMMONS*

Plaintiff resides at
425 Main Street
New York, NY

-------------------------------------------x

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the Complaint in
this action and to serve a copy of your answer, or, if the Complaint is not
served with this Summons, to serve a Notice of Appearance, on the Plaintiff's
attorney within 20 days after the service of this summons, exclusive of the
date of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York);
and in the case of your failure to appear or answer, judgment will be taken
against you by default for the relief demanded in the Complaint.

Dated: New York, New York
February 24, 2009

Yours, etc.

**BURNS & HARRIS, ESQS.**
**Attorneys for Plaintiff(s)**

BY:

SETH A. HARRIS
233 Broadway, Suite 900
New York, NY  10279
212 393-1000

TO:
THE CITY OF NEW YORK
100 Church Street
New York, NY

P.O. NICHOLAS MARCHESONA
(Tax. Reg #921535)
c/o


Administrator of the Estate of
LT. MICHAEL W. PIGOTT
2 Regina Drive
Sayville, NY 11782

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                    Index #: 4636/09
-------------------------------------------------------------------x
OLGA NEGRON, as Administratrix of the Estate of
IMAN MORALES, Deceased  and OLGA NEGRON,
Individually

                                Plaintiff                    VERIFIED
                                                       COMPLAINT

            Against

THE CITY OF NEW YORK,
P.O. NICHOLAS MARCHESONA (Tax Reg. #921535),
And Administrator of the Estate of LT. MICHAEL. W.
PIGOTT (Shield # unknown), Deceased

                                  Defendants
-------------------------------------------------------------------x

Plaintiff, **OLGA NEGRON**, by her attorneys, BURNS & HARRIS, as and for her Complaint herein, alleges upon information and belief, that on September 24, 2008 in the vicinity of 489 Tompkins Avenue, County of Kings, City and State of New York (unless otherwise specified):

1.  At all times relevant hereto, Defendant **CITY OF NEW YORK** is a municipality existing under and by virtue of the laws of the State of New York.

2.  At all times relevant hereto, defendant **CITY OF NEW YORK** operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

3.  At all times relevant hereto, Defendant **P.O. NICHOLAS MARCHESONA (Tax Reg. #921535),** is employed as a police officer by the Police Department of the **CITY OF NEW YORK**.

4.  At all times relevant hereto. defendant **P.O. NICHOLAS MARCHESONA (Tax Reg. #921535)** was, upon information and belief, assigned

to the New York City Police Department, County of Kings, City and State of New York.

5.    At all times relevant hereto, Defendant **LT. MICHAEL W. PIGGOTT (Shield #unknown),** was employed as a police officer by the Police Department of the **CITY OF NEW YORK**.

6.   At all times relevant hereto, defendant **LT. MICHAEL W. PIGGOTT (Shield #unknown)** was, upon information and belief, assigned to the New York City Police Department, County of Kings, City and State of New York.

7.    That all of the conditions precedent to the commencement of an action against the defendant **CITY OF NEW YORK** have been met in that a Notice of Claim was filed with the **CITY OF NEW YORK**, and within 90 days of the accrual of this cause of action; more than thirty (30) days have elapsed since the presentation of the Notice of Claim, and the claim remains unadjusted by the **CITY OF NEW YORK**.  This action has been commenced within two years from the accrual of this cause of action, and **THE CITY OF NEW YORK** has conducted a statutory hearing of the plaintiff **OLGA NEGRON**.

**FIRST CAUSE OF ACTION:**
**(POLICY OF NON-FEASANCE IN THE**
**PROTECTION OF PLAINTIFF'S CIVIL RIGHTS)**

8.    At all times relevant hereto, defendant **CITY OF NEW YORK** employed the Defendant **P.O. NICHOLAS MARCHESONA,** as a police officer in the New York City Police Department.

2

9.   Upon information and belief, defendant **P.O. NICHOLAS MARCHESONA,** is a graduate of The Police Academy of the **CITY OF NEW YORK**.

10.   At all times relevant hereto, defendant **CITY OF NEW YORK** employed the Defendant **LT. MICHAEL W. PIGGOTT,** as a police officer in the New York City Police Department.

11.   Upon information and belief, defendant **LT. MICHAEL W. PIGGOTT,** was a graduate of The Police Academy of the **CITY OF NEW YORK**

12.   At all times relevant hereto, defendant **CITY OF NEW YORK** had the duty to competently and sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels, the defendant Officers in the protection of the Constitutional rights of the plaintiff under the Fourteenth Amendment to the United States Constitution.

13.   In addition, the defendant **CITY OF NEW YORK,** had the duty to competently and sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers to conform their conduct to a standard, established by law, for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens such as the plaintiff herein.

14.   Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the **CITY OF NEW YORK** and the County of Kings, and under the authority of their office as police officers of said state, city and county.

3

15.     The defendant **CITY OF NEW YORK** failed to competently and sufficiently hire, train and retain the defendant officers to conform and conduct themselves to a statute established by law for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as the plaintiff herein.

16.     That defendant CITY OF NEW YORK, in violation of 42 U.S.C. §1983 failed to properly regulate and promulgate appropriate and reasonable rules concerning officer's use of tasers including but not limited to defining when an officer may use a taser.

17.     That on or about September 24, 2008, the **CITY OF NEW YORK,** in violation of 42 U.S.C.§1983 caused the plaintiff/decedent **IMAN MORALES** to be injured, damaged and sustain a wrongful death in failing to competently hire, train and retain police officers, including but not limited to the defendant officers, to conform and conduct themselves to a standard established by law for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

18.     On or about September 24, 2008, the plaintiff/decedent, **IMAN MORALES,** was lawfully and properly present at premises 489 Tompkins Avenue, County of Kings, City and State of New York.

19.     On or about September 24, 2008, the defendant **P.O. NICHOLAS MARCHESONA,** was present and on duty in the vicinity of 489 Tompkins Avenue, County of Kings, City and State of New York, as part of his regular and official employment as a police officer for the defendant, THE **CITY OF NEW YORK**.

20.   On or about September 24, 2008, the defendant **LT. MICHAEL PIGOTT,** was present and on duty in the vicinity of 489 Tompkins Avenue, County of Kings, City and State of New York, as part of his regular and official employment as a police officer for the defendant, **THE CITY OF NEW YORK**

21.   Commencing on September 24, 2008 the defendant officers deprived **IMAN MORALES** of his rights, life, and liberties as set forth in the Constitutions of the United States and of the State of New York.

22.   The injury and death of the plaintiff/decedent **IMAN MORALES** was caused by all of the defendants, their servants, agents and/or employees, without authority of law, or any reasonable cause or belief that deadly physical force was necessary.

23.   Plaintiff/decedent **IMAN MORALES** was unreasonably tasered and killed and thereby deprived of his rights, life, liberties and freedoms under color of State Law in violation of 42 U.S.C. §1983.

24.   That defendant LT. MICHAEL PIGGOTT recklessly, grossly negligently, carelessly, negligently and improperly issued an order to use a taser on plaintiff/decedent **IMAN MORALES**.

25.   That defendant LT. MICHAEL PIGGOTT recklessly, grossly negligently, carelessly, negligently and improperly gave an order to use a taser on plaintiff/decedent **IMAN MORALES** when said defendant knew or should have known that a taser should not have been used at the time and place of the occurrence.

26.   The defendant **P.O. NICHOLAS MARCHESONA** failed to give a warning to plaintiff/decedent prior to using the taser.

27.   The defendant **P.O. NICHOLAS MARCHESONA** failed to use his taser as "a last resort" against plaintiff/decedent **IMAN MORALES**.

28. That defendant P.O. NICHOLAS MARCHESONA recklessly, grossly negligently, carelessly, negligently and improperly used a taser on the plaintiff/decedent **IMAN MORALES**.

29. That defendant P.O. NICHOLAS MARCHESONA recklessly, grossly negligently, carelessly, negligently and improperly used a taser on the plaintiff/decedent **IMAN MORALES** in a situation when the plaintiff/decedent could fall from an elevated surface.

30. The defendant **P.O. NICHOLAS MARCHESONA** acted recklessly, grossly negligently, unreasonably, and departed from ordinary care in using a taser on plaintiff/decedent who presented no threat of imminent death or serious physical injury to themselves or others.

31. That defendant LT. MICHAEL PIGGOTT recklessly, grossly negligently, carelessly, negligently and improperly used a taser on the plaintiff/decedent **IMAN MORALES**.

32. That defendant LT. MICHAEL PIGGOTT recklessly, grossly negligently, carelessly, negligently and improperly used a taser on the plaintiff/decedent **IMAN MORALES** in a situation when the plaintiff/decedent could fall from an elevated surface.

33. The defendant **LT. MICHAEL PIGGOTT** acted recklessly, grossly negligently, unreasonably and departed from ordinary care in using a taser on plaintiff/decedent, who presented no threat of imminent death or serious physical injury to himself or to others.

34.    As a further result of the deprivation of plaintiff **IMAN MORALES'** right to be free guaranteed to him by the Fourteenth Amendment to the United States Constitution, he was caused to suffer injury, damage, and wrongful death.

35.    At all times relevant hereto, plaintiff/decedent **IMAN MORALES** was deprived of his right not to be subjected to use of excessive force by police that caused his loss of life guaranteed to him by the Fourth Amendment to the United States Constitution.

36.    On or about September 24, 2008, in violation of the rights, privileges and immunities guaranteed to him under the Fourteenth Amendment to the United States Constitution and under color of State law, the defendant officers and each of them acting individually and in concert, in violation of 42 U.S.C. Section 1983, while on duty, detained the plaintiff, even though the defendants knew or should have known that the plaintiff was wholly innocent.

37.    The detainment and tasering of the plaintiff was not justified by probable cause or other legal privilege.

38.    The defendants exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

39.    That the defendant **CITY OF NEW YORK**, its agents, servants and/or employees failed to hire, train, supervise, discipline or in any other way control the defendant officers in the exercise of their functions; that their failure to enforce the laws of the State of New York and the **CITY OF NEW YORK** was and is carried out negligently, willfully, maliciously and with such reckless disregard for the consequences so as to display a conscious disregard for the

dangers of harm and injury to citizens of the State and **CITY OF NEW YORK**, including plaintiff/decedent herein.

40.     That the plaintiff/decedent **IMAN MORALES** did not commit any illegal act, either before or at the time he was improperly detained and tasered and killed, and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C §1983, and the Constitution of the State of New York.

41.     That at all times hereinafter mentioned, the defendant police officers were employed in their respective capacities by the defendant **CITY OF NEW YORK** and were acting under the color of their official capacity as Sate actors and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the **CITY OF NEW YORK**.

42.     Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and/or employees, the defendant **CITY OF NEW YORK** has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatsoever against any of their employees or agents.

43.     The unlawful and illegal conduct of the defendants, their agents, servants and/or employees and each of them, deprived plaintiff/decedent of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York:  the right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States and the right not to be subjected to the use of excessive force by police that caused loss of life pursuant to the Fourth Amendment to the Constitution of the United States.

8

44.     That by reason of the foregoing, this plaintiff/decedent was severely injured, damaged, and caused to sustain a wrongful death, all to plaintiff's great damage.

45.     That heretofore and prior to the commencement of this action, the plaintiff **OLGA NEGRON**, was appointed Administratrix of the Estate of **IMAN MORALES**, Deceased, by Order of the Surrogate Court, Kings County dated october 29, 2008, and said plaintiff has duly qualified and is currently acting in such capacity.

46.     That by reason of the foregoing, this plaintiff/decedent was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, loss of enjoyment of life, and wrongful death all to plaintiff's great damage

47.     That on or about September 24, 2008, in violation of the rights, privileges and immunities guaranteed to him under the Fourteenth and Fourth Amendments to the United States Constitution and under the color of State law, the defendants acted individually and in concert causing the plaintiff to have been injured and damaged in an amount exceeding the jurisdictional limit of this Court, to be determined upon the trial of this action.

### SECOND CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

48.     Plaintiff repeats and realleges each and every allegation contained herein, as though the same were set forth at length herein.

49.     The plaintiff/decedent **IMAN MORALES**, did not possess a weapon of any kind during the incident of September 24, 2008.

9

50.     The defendant **P.O. NICHOLAS MARCHESONA** failed to give a warning to plaintiff/decedent prior to using a taser.

51.     The defendant **P.O. NICHOLAS MARCHESONA** failed to use a taser as "a last resort" against plaintiff/decedent **IMAN MORALES** who presented no threat of imminent death or serious physical injury.

52.     The defendant **LT. WILLIAM PIGOTT** failed to give a warning to plaintiff/decedent prior to **giving an order to** using a taser.

53.     The defendant **LT. WILLIAM PIGOTT** failed to use a taser as "a last resort" against plaintiff/decedent **IMAN MORALES** who presented no threat of imminent death or serious physical injury

54.     The defendant, **CITY OF NEW YORK,** was negligent in its operation, management, supervision and control of its Police Department; in not providing adequate training of defendant police officers while at the Police Academy; in their supervision of defendant police officers; in failing to provide adequate supervision of defendant police officers during their training at the Police Academy.

55.     The defendant **P.O. NICHOLAS MARCHESONA** used deadly physical force without having probable cause that his life or the lives of others present were in imminent danger of death or serious physical injury.

56.     The defendants **P.O. NICHOLAS MARCHESONA,** acted unreasonably and departed from ordinary care in using a taser on plaintiff/decedent, who presented no threat of imminent death or serious physical injury.

57.     The defendant **P.O. NICHOLAS MARCHESONA,** was negligent in failing to use reasonable care in the detainment and confinement of the plaintiff, **IMAN MORALES** on or about September 24, 2008.

58.     The defendant **LT. WILLIAM PIGOTT** used deadly physical force without having probable cause that his life or the lives of others present were in imminent danger of death or serious physical injury.

59.     The defendant **LT. WILLIAM PIGOTT,** acted unreasonably and departed from ordinary care in issuing an order to use a taser on plaintiff/decedent, who presented no threat of imminent death or serious physical injury.

60.     The defendant **LT. WILLIAM PIGOTT,** was negligent in failing to use reasonable care in the detainment and confinement of the plaintiff, **IMAN MORALES** on or about September 24, 2008

61.     That by reason of the foregoing, this plaintiff was severely injured and damaged, suffered loss of enjoyment of life, and caused to sustain a wrongful death.

62.     By reason of the negligence of the defendants, the plaintiff **IMAN MORALES,** has been damaged in an amount exceeding the jurisdictional limit of this Court, to be determined upon the trial of this action.

### THIRD CAUSE OF ACTION
### (LOSS OF ENJOYMENT OF LIFE)

63.     Plaintiff, repeats and realleges each and every allegation contained herein, as though the same were set forth at length.

64.     That at all times mentioned herein, plaintiff/decedent **IMAN MORALES** was able to perform daily tasks, to participate in the activities which were a part of his life before the incident of September 24, 2008, and to experience the pleasures of life.

65.     The unlawful and illegal conduct of the defendants, their agents, servants and/or employees and each of them deprived plaintiff/decedent of his ability to perform daily tasks, to participate in the activities which were a part of his life before the incident of September 24, 2008, and to experience the pleasures of life.

66.     The unlawful and illegal conduct of the defendants, their agents, servants and/or employees and each of them, deprived plaintiff/decedent of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York:  the right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States and the right not to be subjected to the use of excessive force by police that caused loss of life pursuant to the Fourth Amendment to the Constitution of the United States.

67.     That as a result of the lawless conduct of the defendants, their agents, servants and/or employees and each of them, plaintiff/decedent suffered a loss of enjoyment of life.

68.     That by reason of the foregoing, this plaintiff was severely injured and damaged, suffered loss of enjoyment of life, and was caused to sustain a wrongful death.

69.      By reason of the negligence of the defendants, the plaintiff **IMAN MORALES,** has been damaged in an amount exceeding the jurisdictional limit of this Court, to be determined upon the trial of this action.

## FOURTH CAUSE OF ACTION
## (ASSAULT AND BATTERY)

70.      Plaintiff, repeats and realleges each and every allegation contained herein, as though the same were set forth at length.

71.      On our about September 24, 2008, in the vicinity of 489 Tompkins Avenue, County of Kings, City and State of New York, the plaintiff/decedent **IMAN MORALES** was assaulted and battered by the defendant police officer and/or others acting in concert with him.

72.      The force used in the course of the use of a taser by the defendants was excessive, unnecessary, unwarranted and violent.

73.      As a result of the defendant officers' aforementioned assault and battery of the plaintiff/decedent **IMAN MORALES**, plaintiff/decedent has been damaged and seriously injured, sufered loss of enjoyment of his life leading to his death, in an amount exceeding the jurisdictional limit of this Court to be determined in a trial of this action,

## FOURTH CAUSE OF ACTION
## WRONGFUL DEATH

74.      That plaintiff repeats, reiterates and realleges each and every allegation as contained in the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

75. That as a result of the injuries sustained by the decedent **IMAN MORALES**, as a result of the reckless, gross negligence, negligence and wanton disregard of the defendants, decedent was caused to suffer a wrongful death on September 24, 2008.

76. That as a result of the wrongful death of the decedent, the next of kin and the Estate of the Decedent have been permanently deprived of the services, society, love, affection, aid, maintenance, companionship and contribution of the said decedent, and were obliged to incur funeral and other expenses, and were severely damaged.

77. That the foregoing personal injuries and the severe conscious pain and suffering up to the moment of decedent's wrongful death, were caused solely by reason of the negligence, wanton, reckless, callous and willful disregard on the part of the defendants, and without any negligence on the part of the decedent contributing thereto.

78. That heretofore and prior to the commencement of this action, the plaintiff **OLGA NEGRON**, was appointed Administrator of the Estate of **IMAN MORALES**, Deceased, by Order of the Surrogate Court, Kings County dated October 29, 2008, and said plaintiff has duly qualified and is currently acting in such capacity.

79. That by reason of the foregoing, the plaintiff **OLGA NEGRON** as Administratrix of the Estate of **IMAN MORALES**, Deceased has sustained damages in an amount in excess of the monetary jurisdictional limits of any and

all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action,

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF OLGA NEGRON

80.     That plaintiff **OLGA NEGRON** repeats, reiterates and realleges each and every allegation as contained in the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

81.     That at all times hereinafter mentioned, plaintiff **OLGA NEGRON** was the mother of decedent, **IMAN MORALES**, and was entitled to his love, companionship, and services.

82.     As a result of the injuries and wrongful death of the plaintiff **IMAN MORALES**, the plaintiff **OLGA NEGRON** was permanently deprived of the services, society, love, affection, aid, maintenance, companionship and contribution of the said decedent, and was severely damaged.

83.     That by reason of the foregoing, the plaintiff **OLGA NEGRON**, has sustained damages in an amount in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF OLGA NEGRON

84.     That plaintiff **OLGA NEGRON** repeats, reiterates and realleges each and every allegation as contained in the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

15

85. That at all times hereinafter mentioned, **OLGA NEGRON** was the mother of the plaintiff/decedent **IMAN MORALES.**

86. That on September 24, 2008, Plaintiff, **OLGA NEGRON** was lawfully present in the vicinity of premises 489 Tompkins Avenue, County of Kings, City and State of New York, and was thrust within a "Zone of Danger" by the defendants.

87. Specifically, plaintiff **OLGA NEGRON** was compelled to witness her son being abused when the defendants, their agents, servants and/or employees recklessly, grossly negligently, carlessly, negligently and improperly used a taser upon said decedent, causing him to sustain a wrongful death and deprived of his Civil Rights by being illegally and unlawfully assaulted, detained and arrested by the defendants.

88. As a result of the aforesaid injection into a "zone of danger" by the defendants, the plaintiff OLGA NEGRON, has been damaged in an amount exceeding the jurisidictional limit of this Court, to be determined upon the trial of this action.

**WHEREFORE,** plaintiff demands judgment against the defendants on Each Cause of Action in amounts to be determined upon the trial of this action, together with costs and interest, and

Additionally, plaintiff demands in respect of all Causes of Action, the additional total sum of **TEN MILLION ($10,000,000.00) DOLLARS** in punitive damages and attorney fees pursuant to 42 U.S.C.§1988, and

Finally, plaintiff demands injunctive relief, in that this Court should compel defendant City of New York to control illegal conduct among its police officers.

Dated:    New York, New York
              February 24, 2009

Yours, etc.

**BURNS & HARRIS, ESQ.**
**Attorneys for Plaintiff**

BY:_____
      SETH A. HARRIS, ESQ.
      233 Broadway, Suite 900
      New York, NY  10279
      212 393-1000

17