UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
OLGA NEGRON,                                                         :
                                                                     :
                      Plaintiff,                            :
                                                                     :       <u>ORDER</u>
           -against-                                                :       09-CV-944 (SLT)
                                                                     :
THE CITY OF NEW YORK, P.O. NICHOLAS                                  :
MARCHESONA, and ADMINISTRATOR OF THE                                 :
ESTATE OF LT. MICHAEL W. PIGOTT,                                     :
                                                                     :
                      Defendants.                          :
-------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

        Plaintiff brings this § 1983 action alleging the wrongful death of her son, who was shot with a taser by the police. During a status conference held on August 11, 2009, I permitted the parties to conduct document discovery but stayed interrogatories and depositions pending the outcome of defendants' anticipated motions to dismiss. Although the motions to dismiss remain pending, plaintiff now moves to lift the stay of discovery. Docket Entry 59.

        The individual defendants move to dismiss primarily on the basis of qualified immunity. The Supreme Court has rejected the notion of even limited discovery where defendants assert the defense of qualified immunity. *Ashcroft v. Iqbal*, 556 U.S. 662, _, 129 S. Ct. 1937, 1953 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery.") (internal quotation marks omitted). Moreover, defendants contend that "a thorough investigation" was conducted "immediately following the incident," in which "civilian and NYPD witnesses provided statements which captured their immediate recollection of events." Docket Entry 60. Thus, plaintiff's concern that witnesses' recollections may fade the longer discovery is delayed is abated by the NYPD's earlier investigation. For these reasons, plaintiff's motion to lift the stay of discovery is denied.

                                                                            **SO ORDERED.**

                                                                                 __/s/_____
                                                                         Steven M. Gold
                                                                         United States Magistrate Judge

Brooklyn, New York
February 16, 2012
*U:\eoc 2012\negron 021512.docx*